IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| *Applicant*, | ) ) | Case No: 14 C 10163 |
| **v.** | ) ) | |
| **NAVISTAR INTERNATIONAL CORPORATION,** | ) ) ) | District Judge Lee Magistrate Judge Schenkier |
| *Respondent.* | ) ) | |

**ORDER**

In our orders dated 06/30/15 (doc. # 38) and 08/31/15, we ruled on Respondent Navistar's assertion of attorney client privilege and/or work product protection for a total of 85 documents from the hundreds that had been identified on Navistar's privilege log. Currently before the Court is the SEC's motion for an *in camera* review of eight additional documents (doc. # 45). These documents involve communications with (among others) Culloton Strategies, LLC ("Culloton), a communications strategy firm retained by Navistar. The motion is now fully briefed (doc. ## 55: Navistar Response; doc. # 60: SEC Reply), and we have received the disputed documents for review. Before turning to our rulings on the assertions of privilege and/or work product, we address two preliminary matters.

*First,* Navistar originally argued that we should not consider the motion at all, as it pertains to documents that were not identified in the SEC's application (Navistar Resp. at 1, 4). However, after Navistar filed its response, the SEC filed (with Navistar's consent) an amended application (doc. # 57), which specifically refers to the Culloton documents at issue in the motion. Thus, we agree with the SEC (Sec Reply at 2 n.2) that the amendment to the application renders Navistar's argument moot.

*Second,* the SEC's motion identified eight documents for *in camera* review (SEC Motion, Ex. B). During the briefing on the motion, Navistar elected to de-designate from its privilege log two of those documents, Bates Nos. CS0005048-CS0005049 and NAV00726307, which Navistar will produce pursuant to the Rule 502(d) order in effect in this case (Navistar Resp. at 4 n.3).

**I.**

We have reviewed each of the documents, using the same analysis that we employed in our 06/30/15 ruling. As we explain below, we sustain in part and overrule in part Navistar's assertions of attorney-client privilege and work-product protection. We refer to the documents submitted for our review using the tab numbers assigned to them by the parties.

**Tabs 1-3.** These documents are an email (Tab 1) and notes (Tabs 2-3) concerning an upcoming "Settlement Workshop" that was part of a settlement of litigation Navistar had brought against the California Air Resources Board ("CARB"). These documents reflect communications by or to counsel for Navistar. The SEC offers four reasons why none of the materials concerning the Settlement Workshop should be considered privileged or work product.

*First,* the SEC says that the public notice of the workshop did not state that it was being held because of the settlement of litigation; EPA's involvement in the workshop did not stem from the settlement of litigation; and EPA would have conducted a workshop and Navistar would have participated in it irrespective of the settlement of litigation between Navistar and CARB (SEC Reply at 3-4). However, the settlement between Navistar and CARB (Navistar Resp., Ex. 6) shows that CARB's participation in a workshop was a part of the settlement. Communications regarding the workshop as it related to that settlement could qualify for protection irrespective of whether EPA would have sponsored, and Navistar would have attended, a workshop in the absence of a settlement with CARB.

*Second,* the SEC argues that the fact that the documents were created after the date of Navistar's settlement with CARB indicates that they are not privileged or work product material (SEC Reply at 4). We disagree that a post-settlement document cannot be protected, where the document discusses the compliance with the settlement or the effect of the workshop on other litigation or legal matters.

*Third,* the SEC says that the fact that unredacted portions of the documents that Navistar produced do not mention litigation suggests that the redacted portions contain no privileged or work product information (SEC Reply at 4). In fact, the redacted portions do, in some instances, specifically mention litigation. Indeed, it strikes us that Navistar did (albeit imperfectly) what the SEC says it *wants* Navistar to do: that is, Navistar did not withhold an entire document merely because of one reference to litigation, but instead attempted to redact that which is privileged and to produce the rest.

*Fourth,* the SEC says that we should be skeptical about any assertion of privilege or work product because these documents were obtained as a result of an SEC subpoena to Culloton, which is a communications firm and not a law firm. We note that while Dennis Culloton, the Culloton representative involved in the communications, is a lawyer, Navistar does not assert that he was engaged in his capacity as a lawyer or that the communications with him are privileged on that basis. However, as we explained in our 06/30/15 ruling, the fact that that documents involve a communications consultant such as Culloton, or come from his files, does not mean that they can never be privileged (doc. # 39: 06/30/15 Tr. at 44-48).

We now turn to the question of whether Navistar's redactions or withholding of documents was proper. As to Tab No. 1, we sustain the assertion of privilege and work product in the redactions, which is directed to, among others, Navistar's attorneys, and discusses legal matters concerning the upcoming workshop in connection with the settlement.

As to Tab No. 2, this is a 10-page document, from which Navistar has redacted Pages 5-6 and has produced the remainder. We sustain the redactions in part. The material redacted on Page 5 of the document after the heading "Q for Larry" involves an assessment of legal arguments, when viewed in the context of the first full redacted line. In addition, the redacted material from the last four lines of Page 6 of the document involves a discussion of litigation issues. However, we overrule the assertion of privilege and work product protection as to the remainder of Pages 5 and 6 of the documents; those portions must be produced. We consider the remainder of the redacted material to reflect technical, business and public relations rather than legal matters. We recognize that some of the notes are attributed to Mr. Levine, Navistar counsel. However, as we have previously stated, the mere fact that a lawyer is involved a communication does not automatically render the communication privileged (06/30/15 Tr. at 9-12); context matters. We accept the proposition that Mr. Levine is not a person with the expertise to offer technical advice; but, the mere fact that he might be discussing technical information provided to him by others does not make that technical (or business) information privileged unless the notes show that Mr. Levine is using them to provide legal advice. In our judgment, the context of the notes persuades the Court that these notes do not reflect legal advice.

Finally, Tab No. 3 is a two-page set of call notes reflecting comments from Mr. Levine and Mr. Covey, both counsel for Navistar. Navistar has withheld the entire document from production. We agree that portions of the document are protected, and we therefore sustain the redactions from Page 1, except for the two lines that precede Heading C and the one line that follows it; and all of the redactions from Page 2 except for the last two lines. The redactions we sustain reflect legal analysis or are so intertwined with legal analysis that a more surgical redaction is not practical (06/30/15 Tr. at 36). The rest of the notes do not reflect privileged or work-product information, and must be produced.

**Tabs 4-5.** These documents are emails concerning Navistar's consideration of a request by the *New York Times* in connection with an article concerning Navistar's engine certification efforts. Navistar asserts attorney-client privilege (but not work-product) protection for these emails.

Tab 5 consists of emails between Mr. Ustian and Mr. Levine (with others including Mr. Culloton receiving copies) concerning the availability of Mr. Ustian to participate in a conference call concerning the request. These scheduling emails contain no discussion of agenda items for the meeting or anything other than the date and time it would take place, and thus reveal nothing of that the privilege log identifying the emails does not already disclose. We overrule the assertion of privilege as to these emails.

Tab 4 warrants more extended discussion. This tab contains an email chain that starts with emails from *New York Times* reporters requesting certain information from Navistar. Those emails have been produced. Those emails are followed by a series of emails involving consultants from Navistar, high-level Navistar executives and Navistar counsel in connection with consideration of the request, all of which have been redacted. Four of the redacted emails are from non-lawyers (Messrs. Ustian, Culloton and James), and discuss the public relations pros and cons of providing the *New York Times* with the requested information. The redacted information in the emails does not request or reveal legal advice.

There is one email in the chain authored by Mr. Levine. However, that email does not offer legal advice. The email comments on the substance of an earlier email from Mr. Ustian (which did not request legal advice), and offers Mr. Levine's take on the public relations pros and cons of providing the requested information. There is nothing in the substance of the email or in its context indicating that Mr. Levine was offering that assessment from a legal prospective. We are mindful that Mr. Levine has attested that he provided advice with respect to the *New York Times* inquiry to make sure that there was no conflict with Navistar's legal strategy and to protect against disclosure of privileged information (Navistar Resp., Ex. 3: Levin Declaration at ¶ 9). We have no doubt that Mr. Levine offered such advice to Navistar; but we see nothing to persuade us that he did so in connection with the emails in Tab 4.

Navistar points out that in our 06/30/15 ruling, the Court found privileged a document concerning the *New York Times* inquiry was privileged as it "referenced a discussion with Mr. Levin where is seems to me that the discussion may reflect information that would be from a legal perspective" (Navistar Resp. at 12 and n.6, *quoting* 06/30/15 Tr. at 31 (discussion of redacted email in Tab 51)). We stand by that ruling, but disagree that it supports a similar ruling with respect to the emails in Tab 4. The difference is that the information set forth in the emails we are now considering, and the context in which that information was provided, satisfies the Court that the information was not provided to or from Mr. Levine from a legal perspective. Rather, the discussion by Mr. Levine and the others in the email were concerned with the "court of public opinion." *Burke v. Lakin Law Firm, PC,* 07CV0076, 2008 WL 117838 (S.D. Ill., Jan. 7, 2008).

We therefore overrule Navistar's assertions of privilege. We emphasize that we do not overrule the assertions on the ground that privilege has been waived because outside consultants (Messrs. Culloton and James) were involved in the emails. We do so because we conclude that the emails do not reflect legal advice, and thus were not privileged in the origin.

**Tab 6.** This document is a set of hand-written notes by Mr. Culloton of a conference call on 06/05/12, in which Navistar lawyers and non-lawyers participated. The notes have been produced, but with redactions. The SEC argues that the notes "have no apparent connection to litigation" (SEC Reply at 5), but we disagree. During the hearing on 06/30/15, we addressed notes of the same meeting that were taken by one of the participating lawyers, Mr. Fahner (Tab 16), and one of the Navistar executives on the call, Mr. Charbaonneau (Tab 42). We found that the meeting documented in these notes contained both what I have defined as non-legal "lobbying" communications (06/30/15 Tr. at 9-12), and legal communications. The Court

4

sustained Navistar's assertion that the redacted materials were protected (*Id.* at 18, 26-27). My review of the material redacted from the Culloton notes leads me to the same conclusion here.

**II.**

The SEC argues that to the extent the materials in Tabs 1-6 were protected by the attorney-client privilege or work-product doctrine in the origin, Navistar has waived those protections by failing to show that sharing the information with Mr. Culloton was "'extremely helpful' to Navistar's management of its multi-pronged EPA certification efforts" (SEC Reply at 6-8, *quoting* 06/30/15 Tr. at 46). The Court is satisfied from the context of the documents that keeping Mr. Culloton in the loop was important in coordinating the different prongs of that effort, to ensure that one prong of the effort did not come into public conflict with other prongs. The Court therefore rejects the SEC's waiver argument.

To summarize: (1) we sustain the assertions of privilege and work product as to the documents in Tabs 1 and 6; (2) we overrule the assertions of privilege as to the documents in Tabs 4-5, which must be produced without redactions; and (3) we sustain in part and overrule in part the assertions of privilege and work product as to the documents in Tabs 2-3, which must be produced without the redactions as outlined in this order. Navistar shall produce the documents required by this order by 11/06/15.

The SEC has stated that it will seek no further *in camera* review of documents in this proceeding (SEC Motion at 6; SEC Reply at 2 n.1). Nonetheless, we will set the matter for a status hearing with the magistrate judge on 11/04/15 at 9:00 a.m. to determine whether there are any other matters that the Court should address before terminating the referral. If prior to that time the parties advise chambers that there are no further matters that require the Court's attention, we will strike the status hearing and no appearance will be required.

Date: 10/21/15                                                    /s/ Sidney I. Schenkier